Circuit Court of Cuyahoga County.

MIKE C. ANCIN ET AL V. JOHN KSENICK ET AL.

Decided, February 14, 1911.

*Judgment Not Warranted by Pleadings.*

A judgment not in accordance with the allegations of the pleadings, the issues therein raised, or the prayers therein contained, will be reversed and the cause remanded for a new trial.

*Eli E. Doster* and *Lindley Fogg,* for plaintiff in error.
*Palda & Svaro,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The parties to this proceeding in error stand here in the relation opposite to that in which they stood below. There Ksenick and wife commenced their action against Ancin and others to recover damages for removal of lateral support. The plaintiffs

alleged that they own part of sub-lot 65 in William Slade Jr's, allotment of part of original Brooklyn township lot 87, fronting on West Seventh street, in the city of Cleveland, and that the defendants own a contiguous part of sub-lot 62 in the same allotment; so that the line between their properties is the common boundary line of said sub-lots.

The answer and cross-petition admits "that plaintiffs and defendants are owners of certain property on West Seventh street, Cleveland, Ohio, substantially as stated in petition of plaintiffs," and allege that plaintiffs' building enroach upon defendants' property. The reply denies such encroachment. The court below found for the plaintiffs upon both issues, awarding them damages for the removal of lateral support, and holding that their buildings do not encroach upon the defendants' land.

But these conclusions are obviously predicated and dependent, in part at least, upon the court's further finding "that the northerly boundary of plaintiffs' premises, as fixed by occupation for the statutory period," is not coincident with the boundary line between said sub-lots, and falls within the limits of sub-lot 62, to which the defendants seem to have the paper title. This finding is utterly at variance with the allegations of the petition and the admission of the answer to the effect that the common boundary line of the two-sublots is also the boundary line of the two properties. Nor is there anything in the averments or the prayer of the pleading of either party to warrant such a judgment. It is quite possible that the evidence would sustain a judgment of this sort, if it could properly be rendered upon the issues tendered by the pleadings. If the plaintiff claimed such ownership by adverse possession of any land in lot 62, he should have alleged the facts in support of his claim and permit issue to be joined thereon. As the pleadings stand the judgment in this behalf is not only not responsive to any issue joined, but is irreconcilably repugnant to the facts as averred in the pleadings. The judgment thus contrary to law, is reversed, and the parties may, if they so please join issue on this matter and try their case accordingly in the court of common pleas where the cause is remanded.